# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS LITIGATION
(NO. VI)
THIS DOCUMENT RELATES TO

CIVIL ACTION NO. MDL 875

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LINDA RICHARDS, Individually and As Executor of the Estate of PATRICK RICHARDS<br>Plaintiffs,<br>v.<br>BUFFALO PUMPS, INC., et al<br>Defendants. | Civil Action No.: 08-302 |

## NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. A copy of the Complaint is annexed hereto as Exhibit 1 for the Court's convenience. The Clerk of the Panel may either: 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.3(a).

Respectfully submitted,
The Defendant
General Electric Company
By its counsel,

Jeffrey M. Thomen, Esquire
jthomen@mccarter.com
Federal Bar No. 6738
McCARTER & ENGLISH, LLP
185 Asylum Street, 36th Floor
Hartford, Connecticut 06103
Tel.: (860) 275-6700
Fax.: (860) 724-3397

Dated: August 7, 2008

Mailed to: Jeffrey Luthi
Clerk of the Panel
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August , 2008, I caused a true copy of the within Notice of Tag-Along Action to be served, via first class mail, to all counsel of record.

Jeffrey M. Thomen

# EXHIBIT 1

RIEL

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

7-07

LINDA RICHARDS, INDIVIDUALLY
AND AS EXECUTRIX OF THE
ESTATE OF PATRICK RICHARDS

CIVIL NO. PC 08-4448

VERSUS

JURY TRIAL DEMANDED

BUFFALO PUMPS, INC.
GENERAL ELECTRIC COMPANY
PACKINGS & INSULATIONS CORPORATION
P.I.C. CONTRACTORS, INC.
TACO, INC.
VIAD CORP. for Griscom Russell

RECEIVED
JUL 09 2008
LITIGATION DEPT

**COMPLAINT FOR DAMAGES**

The complaint of LINDA RICHARDS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PATRICK RICHARDS, a resident of the state of Rhode Island, respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal

enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency=s direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendants contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendants, to wit: PACKINGS & INSULATIONS CORPORATION, P.I.C. CONTRACTORS, INC., and TACO, INC.

5.

Decedent PATRICK RICHARDS was exposed to various asbestos containing products through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the U.S. Navy from 1948 to 1952.

6.

As a result of the exposure to asbestos related products of the named defendants, decedent contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around the decedent.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to the decedent and/or third parties reached the decedent without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn the decedent and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under the Restatements, Torts 2d, Section 402A..

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the produces were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by the decedent and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure the decedent by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the Restatement, Torts 2d, Section 402A, and breaches of the warranties of merchantability and implied

fitness, the decedent sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

Decedent suffered injury as a direct result and proximate result of the acts alleged herein. As a direct and proximate result of the acts of the defendants, decedent suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, required medical monitoring, and was otherwise damaged.

18.

As a result of the decedent PATRICK RICHARDS' exposure to and coming in contact with asbestos and asbestos-containing products, and his inhaling and ingesting fibers from said asbestos and asbestos-containing products that were manufactured, produced, sold and/or supplied by the defendants, the decedent died on October 30, 2007.

19.

Plaintiff LINDA RICHARDS joins this suit as party plaintiff to assert claims on behalf of the Estate for wrongful death, and a claim for loss of consortium, including but not limited to loss of services, love and affection and other benefits of the marital relationship, suffered a result of the breach of defendants' duties set forth above.

20.

Plaintiffs demand trial by jury on all issues herein.

WHEREFORE, plaintiffs LINDA RICHARDS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PATRICK RICHARDS pray that after due proceedings herein that there be judgment in their favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 30th day of June, 2008.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENY, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: ______________________
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Brian P. Kenney, Esq.
R.I. Bar Roll No. 7217
Richard P. Bullock, Esq.
Louisiana Bar Roll No. 20733
(Pursuant to Pro Hac Motion)
Donni E. Young, Esq.
Louisiana Bar Roll No. 19843
(Pursuant to Pro Hac Motion)