318267

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA RICHARDS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PATRICK RICHARDS<br><br>Plaintiffs,<br>v.<br><br>BUFFALO PUMPS INC.<br>GENERAL ELECTRIC COMPANY<br>PACKINGS AND INSULATIONS CORP.<br>P.I.C. CONTRACTORS, INC.<br>TACO, INC.<br>VIAD CORP. for GRISCOM RUSSELL<br><br>Defendants. | C.A. No.: 08-302 ML |

**VIAD CORP'S JOINDER TO DEFENDANT GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, Defendant, Viad Corp ("Viad"), incorrectly sued as "Viad Corporation for Griscom Russell," hereby joins in the removal by Defendant General Electric Company of a state court action filed by Linda Richards, Individually and as Executrix of the Estate of Patrick Richards ("Richards") to the United States District Court for the District of Rhode Island. The purpose of this joinder is to set forth Viad's grounds for removal of this case and to protect Viad's rights with respect to the timing of removal required by § 1446.

**BACKGROUND**

1. Richards filed her Complaint, Civil Action No.: PC 08-4448, in the Rhode Island Superior Court, Providence County, on June 30, 2008. A true copy of Richards' Complaint is attached as Exhibit "A."

2. Viad was served with a Summons and Complaint by certified mail postmarked on July 6, 2008 and received on July 10, 2008. A true copy of the CT Corporation Service of Process Transmittal is attached as Exhibit "B."

3. This Joinder is timely because it is being filed within thirty days after July 10, 2008 when Viad arguably received notice of the first "paper" within the meaning of 28 U.S.C. § 1446(b) from which Viad could determine that the case is removable, *viz.*, the plaintiff's Complaint. Paragraph five of the plaintiff's Complaint alleges only one specific source of Mr. Richards' alleged exposure to asbestos; Mr. Richards service in the U.S. Navy. It states that, Patrick Richards "was exposed to various asbestos containing products through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the U.S. Navy from 1948 - 1952." *See* Exhibit "A," ¶ 5. Richards alleges further that as "a result of the exposure to asbestos related products of the named defendants," which include Viad, he "contracted asbestos-related mesothelioma and/or other asbestos-related pathologies." *Id.* at ¶ 6.

4. Viad has learned that Richards filed a separate Complaint for damages in the Providence County Superior Court, in which Viad is not a defendant and has not been served with any documents or things. In that case, which is Linda Richards, Individually and as Executrix of the Estate of Patrick Richards v. Allis Chalmers Product Liability Trust, et al., C.A. No. 08-0393, plaintiff Richards has served responses to the defendants' discovery requests, including a Supplemental Responses to Defendants' Requests for Production.

5. Richards' supplemental disclosures in the related Allis Chalmers matter, indicate that the *USS Turner*, on which Patrick Richards purportedly served, contained certain distillation/evaporation equipment manufactured and supplied by Griscom-Russell.

FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)

6. Viad is entitled to remove this action because: (1) it is the alleged successor-in-interest to a person[1] that was acting under the direction and authority of a federal officer or agency; (2) it has a colorable federal defense to Richards' claims; and (3) there is a causal nexus between Richards' claims and Griscom-Russell's alleged conduct under federal authority. *Jefferson County, Alabama v Acker*, 527 U.S. 423, 431 (1999); *Mesa v California*, 489 U.S. 121, 131-34 (1989); *O'Connell v Foster Wheeler Energy Corp.*, -- F. Supp. 2d --, 2008 WL 1722079 (D. Mass. Apr. 7, 2008).

7. Viad apparently has been sued as the alleged successor-in-interest to Griscom-Russell, which, upon information and belief, was a manufacturer and supplier of equipment to the United States Navy.[2]

8. Any equipment manufactured and sold to the U.S. Navy was provided pursuant to procurement contracts entered into with the Navy and in accordance with the precise and exacting specifications required by the Navy. Griscom-Russell had no authority or discretion to deviate from the U.S. Navy's specifications. *See* July 30, 2008 Declaration of Charles R. Cushing ("Cushing Declaration") and August 7, 2008 Declaration of Rear Admiral Ben J. Lehman, U.S. Navy, Ret. ("Lehman Declaration"), attached hereto as Exhibits "C" and "D," respectively.

9. Griscom-Russell was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1), and Richards' claims against Viad in its alleged capacity as successor-in-interest to Griscom-Russell are derived solely from Griscom-Russell's official duties.

10. Viad has a colorable claim to a federal defense in this action, specifically, government contractor immunity from liability for injuries arising from exposure to asbestos in equipment

---

[1] Viad, a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Aisup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 845 n.3 (S.D. Ill. 2006), *citing Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F.2d 482, 486-87 (1st Cir. 1989); *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 1949, 1953 n.3 (D. Me. 2005).

[2] Viad disputes that it is, in fact or at law, the successor-in-interest to Griscom-Russell.

manufactured by Griscom-Russell. *Boyle v. United Techs. Corp.*, 489 U.S. 500, 512 (1988); *O'Connell*, 2008 WL 1722079 at *4 ("Since the Navy issued reasonably precise specifications as to the warnings, the court concludes, for purposes of this motion, that: (1) the Navy exercised a substantial degree of control over Buffalo Pumps's provision of warnings; and (2) the Navy's control over these warnings impeded Buffalo Pumps's ability to independently fulfill its state law obligation to warn of the dangers of asbestos (if indeed it knew of these dangers)."); *Marley v. Elliot Turbomachinery Co., Inc.*, -- F. Supp. 2d --, 2008 WL 1700326 (S.D. Fla. Mar. 13, 2008) (removal allowed as affidavits of Lehman and another "provide a good faith foundation to show (1) that the Navy controlled the warnings to be affixed on parts manufactured by independent contractors, and (2) that the Navy was likely to reject any asbestos warning given its policy to deal with the asbestos problem exclusively through training"); *Oberstar v. CBS Corp.*, 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (plaintiff's motion to remand after Viad and General Electric removal denied based, *inter alia*, on similar Lehman affidavit); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004-05 (N.D. Ill. 2007), *recon. denied*, 2008 WL 656266 (N.D. Ill. Mar. 7, 2008) (Lehman and Cushing affidavits held sufficient to demonstrate at removal stage that "(1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued; and (2) contractors, such as Griscom Russell, were not allowed to deviate from the specifications"); *Madnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (on similar affidavits of Lehman and another, Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 209-10 (S.D.N.Y. 2005) (on similar affidavits of Lehman and another, federal officer removal by Navy ship turbine manufacturer held warranted in asbestos personal injury lawsuit). *Harris* at 1005 and *Madnik* at 103, as well as *Nesbiet* at 208, found that Admiral Lehman had "personal

knowledge of the Navy's procurement practices regarding ship alterations and equipment overhauls" and "the contracts that existed between the Navy and its contractors" in the 1940s and 1950s.

11. Griscom-Russell acted under the authority and at the direction of the Navy with respect to the manufacture and sale of distilling plants, fuel oil heaters, and associated equipment for the Navy. In this regard, the Navy issued comprehensive specifications and other technical documentation identified in contract documents and controlled the design and construction and specified the materials to be used for the equipment sold and manufactured by Griscom-Russell. All equipment supplied by Griscom-Russell to the Navy was manufactured under reasonably precise, detailed specifications and technical documentation requirements dictated by the United States government and identifiable in applicable contract documents. The Navy enforced compliance with its design specifications. No aspect of the design of its products escaped the close control of the Navy and its officers, which retained ultimate decision-making authority with respect to the design and approval of Griscom-Russell's products. *See* Cushing and Lehman Declarations. *See, e.g., O'Connell*, 2008 WL 1722079 at *2-3; *Marley*, 2008 WL 1700326 at *4-5; *Harris*, 532 F. Supp. 2d at 1005; *Madnik*, 506 F. Supp. 2d at 103-05.

12. The Navy's specifications also covered the nature of any communication affixed to equipment supplied to the Navy. Accordingly, Griscom-Russell was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment that it manufactured for the Navy. Attached as exhibits to the Lehman Declaration are documents used by Buffalo Pumps to support removal in *O'Connell* that, in Lehman's experience, are "typical of the Navy's detailed attention to and control over the content of submissions, and the type of correspondence that the Navy used to reject submissions of, and to require corrections and resubmissions by, its various contractors." *See*

*O'Connell*, 2008 WL 1722079 at *4. Moreover, either directly, or as a matter of practice, the Navy specified what was to be written, posted, printed and published on any nameplate or sign, including all aspects of warnings, for any product manufactured for its use. Griscom-Russell would not have been permitted (either under the Navy specifications or as a matter of Navy practice) to attach any type of warning or cautionary statement not required or approved by the Navy, including any statement relating to asbestos, without prior discussion, approval and acceptance by the Navy. *See* Cushing and Lehman Declarations; *O'Connell*, 2008 WL 1722079 at n.7 (holding that the federal contractor defense applies in the failure to warn context), *citing Emory v McDonnell Douglas Corp.*, 148 F.3d 347, 350 (4th Cir. 1998) (collecting cases from the Second, Fifth, Sixth, Seventh and Ninth circuits).

13. The United States Navy was aware of the potential hazards of asbestos as early as 1922 and, by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See* Lehman Declaration at ¶ 13g. *See also Miller v Diamond Shamrock Co.*, 275 F.3d 414, 422-423 (5th Cir. 2001); *O'Connell*, 2008 WL 1722079 at *4; *Harris*, 532 F. Supp. 2d at 1005-06; *Oberstar*, 2008 U.S. Dist. LEXIS at *9-14; *Madnik*, 506 F. Supp. 2d at 104.

14. Removal is appropriate, *inter alia*, because Viad is not required to prove the merits of its defense in order to remove this case successfully. Viad is only required to present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County*, 527 U.S. at 431; *Willingham v Morgan*, 395 U.S. 402, 406-07 (1969) ("In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court. The officer need not win his case before he can have it removed."); *O'Connell*, 2008

WL 1722079 at *1. The federal officer removal statute is not narrow or limited and should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1). *Willingham*, 395 U.S. at 406.

15. Federal officer removal pursuant to 28 U.S.C. § 1442(a)(1) is an exception to the general rule requiring all named defendants to join in the removal petition. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981); *Fowler v. Southern Bell Te. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960). Pursuant to 28 U.S.C. § 1441(b), because this is a "civil action of which the district courts have original jurisidiction" under § 1442(a)(1), it is "removable without regard to the citizenship or residence of the parties."

16. The allegations in paragraph 3(A) and (B) of Richards' Complaint that certain claims are not being asserted are "circular," *Marley*, 2008 WL 1700326 at *6, and do not "eliminate[] federal subject matter jurisdiction" under 28 U.S.C. § 1442(a)(1). "This is not the law." *O'Connell*, 2008 WL 1722079 at n.6. "The problem with [plaintiffs'] argument is that the defendants have the right to have this question decided in federal court." *Marley*, 2008 WL 1700326 at *6, citing *Jefferson County* at 432. *See also Ballenger v. Agco Corp.*, 2007 WL 1813821 at *2 (N.D. Cal. June 22, 2007); *Madmik*, 506 F. Supp. 2d at 103 n.1.

15. Viad requests the opportunity to brief and respond, both in writing and orally, against any Motion for Remand filed by Richards.

16. Viad recognizes that there are voluminous Exhibits attached to this Joinder. For the Court's convenience, page 8 of this Joinder is an Index of the Exhibits attached hereto.

**Index of Exhibits to VIAD CORP'S JOINDER TO DEFENDANT GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL:**

- Exhibit A – Complaint for Damages (00001-00008)
- Exhibit B – CT Corporation Service of Process Transmittal Form (00009-00010)
- Exhibit C – Declaration of Charles R. Cushing (00011-00014)
    - Exhibit 1 – Curriculum Vitae of Charles R. Cushing (00015-00018)
- Exhibit D – Declaration of Rear Admiral (USN, Retired) Ben J. Lehman (00019-00029)
    - Exhibit 1 – Curriculum Vitae of Ben J. Lehman (00030-00031)
    - Exhibit 2 – Affidavit of Navy Rear Admiral David Sargent, Jr. (00032-00059)
        - Exhibit L – Correspondence supporting Affidavit of Navy Rear Admiral David Sargent, Jr. (00060-00074)
    - Exhibit 3 – Affidavit of Buffalo Pumps' Production Manager, Martin Kraft (00075-00080)
        - Exhibit C – Correspondence supporting Affidavit of Buffalo Pumps' Production Manager, Martin Kraft (00081-00096)
    - Exhibit 4 – U.S. Army and Navy Munitions Board – The Strategic and Critical Materials (00097-00137)
    - Exhibit 5 – Documents Concerning Curtailing the use of Asbestos (00138-00147)
    - Exhibit 6 – Affidavit of Samuel A. Forman, M.D. (00148-00153)
        - Exhibit A – Curriculum Vitae of Samuel A. Forman, M.D. (00154-00158)
        - Exhibit B – Navy Orders (00159-00163)
        - Exhibit C –"U.S. Navy Shipyard Occupational Medicine Through World War II," *Journal of Occupational Medicine* (00164-00169)
        - Exhibit D – "Instructions to Medical Officers," *U.S. Naval Medical Bulletin* (00170-00203)
        - Exhibit E – Handbook of the U.S. Navy Hospital Corps (00204-0018)
        - Exhibit F – Annual Report of the Surgeon General of the United States Navy (00219-00228)
        - Exhibit G – "Industrial Hygiene and the Navy in National Defense," *War Medicine* (00229-00241)
        - Exhibit H – "Minimum Requirements for Safety and Industrial Health in Contract Shipyards," *U.S. Navy Department, U.S. Maritime Commission* (00242-00280)
        - Exhibit I – U.S. Navy Safety Review (00281-00283)

**VIAD CORP**
By its Attorney,

Stephen Adams
R.I. Bar No. 5577
sadams@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 – Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2008 VIAD CORP'S JOINDER TO DEFENDANT GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL was filed electronically through the Court's CM/ECF system and served electronically on: Thomas W. Lyons, III, Esq. (tlyons@straussfactor.com); Danielle Jenkins, Esq. (djenkins@morrisonmahoney.com); Jeffrey M. Thomen, Esq. (jthomen@mccarter.com); and via first class mail on: David A. Goldman, Esq., Governo Law Firm LLC, 260 Franklin Street, 15th Floor, Boston, MA 02110; Richard P. Bullock, Esq., Early Ludwick & Sweeney, LLC, 265 Church Street. Eleventh Floor, P.O. Box 1866, New Haven, CT 06508-1866.

Stephen Adams